**FILED**
Samuel L. Kay, Clerk
United States Bankruptcy Court
Augusta, Georgia
By jpayton at 3:22 pm, Mar 29, 2011

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA
Augusta Division

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 Case |
| | ) | Number <u>09-11228</u> |
| DARROW AUTOMOTIVE GROUP, INC. | ) | |
| | ) | |
| Debtor | ) | |
| ———————————————— | ) | |
| | ) | |
| EDWARD J. COLEMAN, III, TRUSTEE | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | Adversary Proceeding |
| | ) | Number <u>10-01078</u> |
| ZURICH AMERICAN INSURANCE | ) | |
| COMPANY | ) | |
| | ) | |
| Defendant | ) | |
| ———————————————— | ) | |

<u>**ORDER**</u>

Before the Court is a motion for summary judgment filed by Zurich American Insurance Company ("Zurich") seeking a determination that as a matter of law, Edward J. Coleman, III, the Chapter 7 Trustee, ("Trustee") may not avoid any transfers made by Darrow Automotive Group, Inc. ("Debtor") to Zurich pursuant to 11 U.S.C. §548 or O.C.G.A. §18-2-70. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(F) and the Court has jurisdiction pursuant to 28 U.S.C. §1334. For the reasons set forth below, Zurich's motion for summary judgment is denied.

**Background Facts.**

This underlying bankruptcy case was commenced as an involuntary chapter 7 case filed in the Eastern District of Wisconsin Bankruptcy Court on March 9, 2009. Contemporaneously, involuntary bankruptcy cases were also commenced in the Eastern District of Wisconsin Bankruptcy Court for Goldsboro Automotive LLC, Goldsboro Automotive II, LLC and Naperville Auto, LLC. Orders for relief under chapter 7 for all these cases were entered April 2, 2009 and the cases were ordered to be jointly administered.[1] The Wisconsin Bankruptcy Court also declared Donald Judice, Jr. as the person responsible for carrying out the duties of Debtor and these other jointly administered cases. Mr. Judice was the chief financial officer of Debtor. He filed the schedules and attended the §341 meeting of creditors. Subsequently, these bankruptcy cases were transferred to this Court on May 22, 2009.

This adversary was filed by the Trustee on June 7, 2010 seeking to recover transfers made by Debtor to Zurich for insurance premiums totaling approximately $448,687.82. For the time period of

---

[1]  Joint administration or administrative consolidation is a procedural device which enables a court to manage multiple estates more efficiently, but it does not consolidate the entities. In re Babcock, 250 F.3d 955, 958 n. 6 (5th Cir. 2001); Munford, Inc. v. TOC Retail, Inc., 115 B.R. 390, 398 (Bankr. N.D. Ga. 1990); see Fed. R. Bankr. P. 1015.

April 1, 2007 through April 1, 2008, the insurance policy lists

sixteen (16) insureds, as follows:

```
01      DARROW AUTOMOTIVE GROUP, INC.
02      NAPERVILLE AUTO LLC D/B/A MAZDA OF NAPERVILLE
03      KINSTON AUTOMOTIVE LLC D/B/A KINSTONE NISSAN
04      KINSTON AUTOMOTIVE LLC D/B/A KINSTON CHRYSLER JEEP DODGE
05      KINSTON AUTOMOTIVE LLC D/B/A KINSTON SUZUKI
06      DARROW REAL ESTATE, LLC
07      KINSTON REAL ESTATE, LLC
08      NAPERVILLE REAL ESTATE, LLC
09      AUGUSTA AUTOMOTIVE, LLC D/B/A TOYOTA OF AUGUSTA
10      AUGUSTA AUTOMOTIVE, LLC D/B/A AUGUSTA AUTOMOTIVE PRE-OWNED
        SUPER STORE
11      AUGUSTA REAL ESTATE, LLC
12      RUSSELL M. DARROW, III & MARA DARROW
13      GOLDSBORO AUTOMOTIVE, LLC D/B/A HONDA OF GOLDSBORO
14      GOLDSBORO AUTOMOTIVE II, LLC
15      CAR DAR NC GOLD, LLC
16      SCHAUMBURG AUTOMOTIVE, INC. D/B/A KIA OF SCHAUMBURG
```

Motion for Summary Judgment, Ex. B., Dckt. No. 22.

To date, Zurich has not filed an answer in this adversary.

On September 30, 2010, a hearing was held to show cause why the

complaint should not be dismissed for the Trustee's failure to

prosecute as he had not sought default judgment.  At the hearing,

the Trustee stated there had been informal agreements between the

parties to extend the time to respond and he stated that the current

agreement was set to expire on October 9, 2010.  Upon request of the

parties, the Court continued the show cause for sixty (60) days.  On

October 8, 2010, Zurich filed the current motion for summary

judgment.

3

**Summary Judgment Standard**.

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c);[2] see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

> [A] party seeking summary judgment always bears the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.

Celotex, 477 U.S. at 323 (internal quotations omitted). "In determining whether the movant has met its burden, the reviewing court must examine the evidence in a light most favorable to the opponent of the motion. All reasonable doubts and inferences should be resolved in favor of the opponent." Amey, Inc. v. Gulf Abstract & Title, Inc., 758 F.2d 1486, 1502 (11th Cir. 1985) (citations omitted), cert. denied, 475 U.S. 1107 (1986). However, once the moving party has properly supported its motion with such evidence,

---

[2] Pursuant to Federal Rule of Bankruptcy Procedure 7056, Rule 56 of the Federal Rules of Civil Procedure is applicable in bankruptcy adversary proceedings.

4

the party opposing the motion:

> may not rest upon the mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial. Based on [Rule 56] . . . the plaintiff could not defeat the properly supported summary judgment motion of a defendant . . . without offering any significant probative evidence tending to support the complaint . . . . Instead, the plaintiff must present affirmative evidence in order to defeat a properly supported motion for summary judgment. This is true even where the evidence is likely to be within the possession of the defendant, as long as the plaintiff has had a full opportunity to conduct discovery.

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256-57 (1986)(citing First Nat'l Bank of Ariz. v. Cities Servs. Co., 391 U.S. 253, 290 (1968) (internal quotations omitted)); see also Fed. R. Civ. P. 56(e).

While the summary judgment standard is quite generous to the nonmoving party, it does not pave the way for every case to survive a summary judgment motion. Micro Networks Corp. v. HIG Hightec, Inc., 195 F. Supp. 2d 255, 264 (D. Mass. 2001). "[A] nonmoving party may not merely rely upon conclusory allegations, improbable inferences, and unsupported allegation[s]. That is, the nonmoving party must do more than merely show that there is some 'metaphysical doubt' as to the material facts." Id. (internal quotations and citations omitted). Furthermore, "[o]nly disputes over facts that might affect the outcome of the suit under the

5

governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." <u>Anderson</u>, 477 U.S. at 248; <u>see also</u> <u>Avigan v. Hull</u>, 932 F.2d 1572, 1577 (11th Cir. 1991).

**Procedural Arguments**.

a.        <u>Trustee's Procedural Arguments</u>.

        First, the Trustee argues that the summary judgment motion is procedurally premature as neither an answer nor a motion to dismiss has been filed; and furthermore, no discovery has been conducted.  Pursuant to Federal Rule of Civil Procedure 56 "a party may move for summary judgment <u>at any time</u> until 30 days after the close of discovery."  Fed. R. Civ. P. 56(c)(1)(A)(emphasis added); <u>Jones v. U.S. Dept. Of Justice</u>, 601 F. Supp.2d 297, 302 (D.D.C. 2009)("A defendant, however, is not required to respond in the form of an answer before making a motion for summary judgment, which may be made by a defending party 'at any time.'"); <u>Alholm v. Amer. Steamship Co.</u>, 144 F.3d 1172, 1177 (8th Cir. 1998); 11 J. Moore et al., <u>Moore's Federal Practice</u>, p. 11-56 at §56.60[1]-[2][a](2011)("Rule 56 does not limit how early a party may move for summary judgment. . . . No party has to wait for a responsive pleading before filing a summary judgment motion.").  While the motion for summary judgment is filed prior to an answer being filed,

6

AO 72A
(Rev. 8/82)

that alone is not grounds to deny it as premature.

Furthermore, Zurich's brief in support of its motion for summary judgment states that summary judgment is appropriate because the Trustee's "complaint fails to state a claim against Zurich for which the Trustee may recover money damages" which is the language of a Rule 12 motion to dismiss. Brief, pp. 2-3, Dckt. No. 23. Considering Zurich's motion for summary judgment is substantively no different than converting a motion filed under Rule 12(b)(6) to a motion for summary judgment when matters outside the pleadings are considered. See Fed. R. Civ. P. 12(d)(result of presenting matters outside the pleadings is to treat it as a motion for summary judgment); Jones, 601 F. Supp.2d at 302 citing 10A C. Wright, A. Miller, M. Kane, Fed. Practice & Proc. 3d §2718 ("There seems to be no compelling reason for treating a motion originally made under Rule 56 differently from one that has been transformed [by Rule 12(b) or 12(c)] into a summary-judgment motion."). For these reasons, I deny the Trustee's request to declare Zurich's motion as procedurally premature.

b.        Zurich's Procedural Arguments.

Zurich argues since the Trustee did not file a separate response to its Statement of Material Facts pursuant to Local Rule 56.1 all material facts set forth by Zurich are deemed admitted. Zurich also argues Rule 56(f) requires the party opposing a summary

7

judgment motion to show by affidavit the specific reasons why it cannot present facts essential to justify its opposition. See Fed. R. Civ. P. 56(f). Zurich contends the Trustee failed to file a separate statement of material facts or an affidavit setting forth any discovery that would be necessary for him to present evidence supporting his opposition and therefore I should deem all the material facts set forth by Zurich as admitted and grant Zurich summary judgment. I disagree.

The Trustee's failure to file a separate response to Zurich's Statement of Material Facts is not fatal to the Trustee's opposition. Counsel for the Trustee is an officer of the Court and subject to Rule 11 sanctions and his response sets forth material facts which are in dispute. See Muhs v. River Rats, Inc., 586 F. Supp.2d 1364, 1376 n. 7 (S.D. Ga. 2008)(stating that while pursuant to Local Rule 56.1, the plaintiff should have filed a response to the proposed statement of material facts filed by the defendant, the plaintiff's brief in opposition controverts some of the facts asserted by the defendant and therefore the court did not deem the defendant's statement of facts as admitted).

Furthermore, despite the fact that the Trustee failed to present a Rule 56(f) affidavit, his response does raise genuine questions of material facts and he further contends he is unable to dispute many of the other facts because he has not had an

8

opportunity to engage in discovery.   For the reasons discussed above, I find the failure to file the affidavit is not fatal to the Trustee's argument for his need for more discovery.   See Snook v. Trust Co. of Georgia Bank of Savannah, N.A., 859 F.2d 865, 871 (11th Cir. 1988)("In this Circuit, a party opposing a motion for summary judgment need not file an affidavit pursuant to Rule 56(f). . . in order to invoke the protection of that rule . . . the written representation by [plaintiff's] lawyer, an officer of the court, is in the spirit of Rule 56(f)."). The Trustee asserts there is a dispute of material fact as to the nature of the insureds and their interrelationships and whether Debtor has inventory to insure. These facts are material to the determination of whether the Debtor actually received reasonable equivalent value for its payment of the insurance premium and therefore sufficient to deny Zurich's summary judgment motion.

This case is procedurally unusual.   The underlying bankruptcies started as involuntary filings.  To date, the principal of the various debtors, Russell M. Darrow, III, has not provided information regarding the business structure, the intercompany relationships, or the synergies between the various entities.  As required by the Wisconsin bankruptcy court's local rule, the petitioning creditors requested Donald Judice be designated as the responsible person and the bankruptcy court in Wisconsin appointed

✎AO 72A
(Rev. 8/82)

Donald Judice to complete the schedules.  Order, Dckt. No. 30.  To date, no discovery has been undertaken in this case because the summary judgment motion was filed before the answer.  As the Eleventh Circuit has noted, "the common denominator of the [three leading U.S. Supreme Court cases on summary judgment] is that summary judgment may only be decided upon an adequate record . . . .  This court has often noted that summary judgment should not be granted until the party opposing the motion has had an adequate opportunity for discovery."  Snook, 859 F.2d at 870 (internal quotations omitted).  The Trustee's response has highlighted outstanding material issues and given these facts, the Trustee's failure to file a formal Statement of Material Facts or a Rule 56(f) affidavit does not dictate that I must deem all the facts tendered by Zurich as admitted or grant Zurich summary judgment.

**Complaint**.

The Trustee seeks to avoid a series of transfers from Debtor to Zurich pursuant to 11 U.S.C. §548(a)(1)(B) which provides:

> (a)(1)  The trustee may avoid any transfer (including any transfer to or for the benefit of an insider under an employment contract) of an interest of the debtor in property, or any obligation (including any obligation to or for the benefit of an insider under an employment contract) incurred by the debtor, that was made or incurred on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily—

10

✎AO 72A
(Rev. 8/82)

> (B)(i)  received  less  than  a  reasonably
> equivalent value in exchange for such transfer
> or obligation; and
>
> (ii)(I)  was  insolvent  on  the  date  that  such
> transfer  was  made  or  such  obligation  was
> incurred, or became insolvent as a result of
> such transfer or obligation.

11 U.S.C. §548(a)(1)(B).

**Less than Reasonably Equivalent Value**.

Whether a debtor receives reasonable equivalent value for
an alleged fraudulent transfer is a question of fact.  Norberg v.
Arab Banking Corp. (In re Chase & Sanborn Corp.), 904 F. 2d 588, 593
(11th Cir. 1990)(whether fair consideration has been given in a
transfer is largely a question of fact).  To succeed in its summary
judgment motion, Zurich must establish there is no genuine dispute
of material fact as to whether Debtor received less than reasonably
equivalent value.  As the Eleventh Circuit has explained:

> The purpose of voiding transfers unsupported by
> 'reasonably  equivalent  value'  is  to  protect
> creditors against the depletion of a bankrupt's
> estate.    Therefore,  this  provision  does  not
> authorize voiding a transfer which 'confers an
> economic  benefit  upon  the  debtor,'  either
> directly  or  indirectly.    In  such  a  situation,
> 'the debtor's net worth has been preserved,'
> and  the  interests  of  the  creditors  will  not
> have been injured by the transfer.

Gen. Electric Credit Corp. of Tennessee v. Murphy (In re Rodriguez),
895 F.2d 725, 727 (11th Cir. 1990)(internal citations omitted).

✎AO 72A
(Rev. 8/82)

"Value" is defined in relevant part as "property, or satisfaction or securing of a present or antecedent debt of the debtor." 11 U.S.C. §548(d)(2)(A); See Wessinger v. Spivey (In re Galbreath), 286 B.R. 185, 208 (Bankr. S.D. Ga. 2002)(if debtor's net worth is preserved then debtor received "reasonably equivalent value"). The issue is whether Debtor received an economic benefit, either directly or indirectly, from transferring the funds to Zurich.

In his complaint, the Trustee alleges Debtor was under no legal obligation to pay Zurich the insurance premiums for all the insureds and that Debtor received no value for the payments as the insurance covered persons and entities other than the Debtor. The Trustee also points out that the insurance is for automobile, property, and general liability coverage, but the Debtor does not own any inventory. As a result, the Trustee contends the insurance benefitted the insureds, but not Debtor itself.

Conversely, Zurich contends Debtor received a direct benefit from the transfers because Debtor was legally obligated to pay the insurance premiums and Debtor was covered by the insurance along with its subsidiaries. Zurich points to a provision in the policy which states the "Named Insured 01 [Debtor] must pay all required premiums when due." Ex. B, Insurance policy, General Conditions, p. 5, Dckt No. 22. The Trustee contends he has not been given an opportunity to learn about how the policy mechanically

12

works given the structure of the various insureds.  Furthermore, the consideration Debtor received for incurring this obligation on behalf of all the other named insured remains a dispute of material fact.

Zurich also argues Debtor benefitted by the preservation of the assets of its subsidiaries and that having the insurance coverage was required by the various security agreements to which Debtor was a party and by Debtor's "floor plan" financing with its lenders.  Zurich argues the consolidated structure of the master insurance policy is less expensive and less time consuming because Debtor received better pricing based on the volume and could add or delete insureds by a phone call.  As a result, Zurich contends therefore that Debtor's balance sheet was actually preserved by the payments, not diminished.  Zurich also notes payments were in arrears which Zurich contends satisfy the antecedent debt portion of the §548 analysis.

Zurich's motion is supported by the declaration of Mr. Nelson, an underwriter for Zurich.  The Trustee contends he has not had an opportunity to depose Mr. Nelson and he is unsure how the insurance policy operates or whether the policy is what Mr. Nelson claims it to be.  The Trustee further asserts that Mr. Nelson's declaration is self-serving and based on speculation because much of it is based "upon information and belief."  For example, Mr. Nelson

13

acknowledges he does not know the business structure of Debtor. However, he points to attachments to his declaration which purport to reflect Debtor's corporate structure yet, he is not sure who provided Zurich with these documents. In regards to the spreadsheets and flow charts attached to his declaration, he avers, "[a]lthough I have no specific recollection of who provided Zurich with this document it could only have generated by, or on behalf of, [Debtor] because the specific information contained therein (such as tax identification numbers and ownership percentages) is not the type of information Zurich would create, request or maintain on behalf of its insureds in the ordinary course of its business." Motion for Summary Judgment, Ex. A, ¶18, Dckt. No. 22. Contrary to the corporate structure shown on Zurich's attachments and Debtor's bankruptcy schedules, Zurich acknowledges that the records filed in Russell M. Darrow, III's individual bankruptcy case in Wisconsin reflect a different corporate structure. In those documents, Zurich acknowledges Mr. Darrow claims to be the sole owner of all the named insureds.

The corporate structure is material to the §548 analysis. If Russell M. Darrow, actually owns and controls all of the voting securities of Debtor, Augusta Automotive LLC, Goldsboro Automotive LLC, Goldsboro Automotive II, LLC and Naperville Auto, LLC and all the other insureds this is inconsistent with Zurich's contention

14

that the insureds were subsidiaries of Debtor.  Contrary to Zurich's contention, the distinction is an important one.

> As a general rule, an insolvent debtor receives 'less than a reasonably equivalent value' where it transfers its property in exchange for a consideration which passes to a third party. . . . [However,] the passing to a <u>subsidiary</u> of the consideration for a transfer by a debtor-parent may be presumed to be substantial, <u>because the subsidiary corporation is an asset of the parent corporation</u>, and what benefits the asset will ordinarily accrue to the benefit of its owner.

<u>Garrett v. Falkner (In re Royal Crown Bottlers of N. Alabama, Inc.)</u>, 23 B.R. 28, 30 (Bankr. N.D. Ala. 1982)(emphasis added).  If the entities are subsidiaries then a presumption arises in Zurich's favor.  Contrary, if they are affiliates, rather than subsidiaries, Zurich is not entitled to the presumption.  <u>Id.</u>  The §548 analysis for an affiliate generally is more difficult and complex and very fact specific.  <u>See e.g.</u> <u>Leibowitz v. Parkway Bank & Trust Co. (In re Image Worldwide, Ltd.)</u>, 139 F. 3d 574, 579 (7th Cir. 1998)(discussing indirect benefit analysis when an affiliate guarantees the loan of another affiliate); <u>cf.</u> <u>In re Rodriguez</u>, 77 B.R. 937, 938-39 (Bankr. S.D. Fla. 1987)(finding insolvent parent corporation received less than reasonable equivalent value for payment to an airline for shipment of coffee beans on behalf of its insolvent subsidiary); <u>see also</u> <u>Jalbert v. Zurich Am. Ins. Co. (In re Payton Constr. Corp.)</u>, 399 B.R. 352, 365 (denying Zurich's Rule

12(b)(6) motion to dismiss where plaintiff identified various payments within the reach back period allegedly made by the debtor to obtain insurance coverage for the debtor's affiliates).

Zurich argues the Trustee is barred from requesting an apportionment of the premiums among the entities because the Trustee has stated in his motion to change venue that Augusta Automotive LLC, Debtor, Goldsboro Automotive LLC, Goldsboro Automotive II, LLC and Naperville Auto, LLC operated under a consolidated system for accounting and tax purposes. However, this does not admit the same system was in place for the other insureds. Further, this does not mean the system should not be broken down to reflect the corporate realities. The Trustee at the change of venue hearing contended the structure was complex and there was money being transferred between the entities and part of the reason of bringing the other cases here from Wisconsin was to figure out what money was going to which entity. As previously stated, these cases were jointly administered, which is just a procedural device for ease of administration and it is not a consolidation of the corporate entities or bankruptcy estates. See In re Babcock, 250 F.3d at 958 n. 6; In re Munford, Inc., 115 B.R. at 398. There remain material issues as to whether there was truly a consolidated system of formal accounting, or an informal consolidated system where no formalities were observed. This is relevant to determine if Debtor received a

16

legal benefit.

Zurich also argues that the Trustee is estopped from asserting Augusta Automotive, LLC is not an affiliate of Debtor because the Trustee stated in his motion to change venue motion that Augusta Automotive LLC is an affiliate of Debtor, as well as, Goldsboro Automotive LLC, Goldsboro Automotive II, LLC and Naperville Auto, LLC. Zurich contends the Trustee cannot now take inconsistent positions under oath. However, I do not find the Trustee has taken an inconsistent position. He admits Augusta Automotive LLC may be owned by Russell M. Darrow, III which is the position taken in his motion for change of venue. He has always contended these are affiliated entities and acknowledged he does not fully understand the structure.

There also is a genuine issue of material fact regarding whether Debtor owned any inventory or property for which the insurance provided coverage. The Trustee claims Debtor did not own inventory or operate any dealerships, and therefore did not benefit from the insurance coverage provided. The unsworn declaration of Mr. Nelson avers based upon "information and belief" that Debtor set up subsidiaries to hold and sell inventory and Debtor operated out of these subsidiaries. Zurich points to Debtor's Schedule D (Debtor's list of secured creditors) where Mr. Judice listed a secured claim against Debtor for Alphera Financial Services on a

17

promissory note for "Master Inventory Financing and Security
Agreement dated July 8, 2008. Collateral: All property" as evidence
Debtor has inventory and an obligation to insure such items. Sch.
D, Dckt No. 49, underlying case no. 09-11228. However, this does
not resolve the issue of Debtor's obligations thereunder or whether
Debtor, itself had inventory, especially when Schedule B (Personal
Property) does not list any inventory.

    For these reasons, I find genuine questions of material
facts remain. I further find the Trustee should be given an
opportunity to conduct discovery. "The plaintiff must present
affirmative evidence in order to defeat a properly supported motion
for summary judgment. This is true even where the evidence is
likely to be within the possession of the defendant, *as long as the
plaintiff has had a full opportunity to conduct discovery*."
Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256-57
(1986)(emphasis added); Snook, 859 F.2d at 870 (summary judgment
should only be granted upon an adequate record); Woods v. Harrell,
2008 WL 1817634, at *3 (S.D. Ga. April 21, 2008)(summary judgment
motion denied without prejudice to afford non-movant an opportunity
to develop the record through discovery). Moreover, many of the
same questions of fact arise under Georgia's Uniform Fraudulent
Transfers Act (O.C.G.A. §18-2-70 et seq.) and therefore I find

18

Zurich's summary judgment motion for this portion of the complaint also is not appropriate at this time.

For the foregoing reasons, it is therefore ORDERED that Zurich's Motion for Summary Judgment is DENIED without prejudice.

SUSAN D. BARRETT
CHIEF UNITED STATES BANKRUPTCY JUDGE

Dated at Augusta, Georgia
this __29th__ day of March, 2011

19

AO 72A
(Rev. 8/82)